THE FRANKLIN FINANCE CO. *v.* BOWDEN ET AL.

(Decided January 17, 1930.)

*Mr. Wm. McE. Weldon,* for plaintiff.
*Mr. T. A. Gruber, Messrs. Mansfield & Black* and *Mr. C. W. Chew,* for defendants.

LEMERT, J.   This is an appeal case and comes into

this court from the court of common pleas of Richland county, Ohio.

Plaintiff, the Franklin Finance Company, sues on a note and mortgage dated September 14, 1927, from Edgar P. Bowden and wife, claiming due thereon $1,833.95, with interest. The mortgage is upon lots 9098, 9124, 9129 and 8832 of the city of Mansfield.

One of the defendants herein, to wit, Clark C. Charles, claims a vendee's lien on lot 8832. By way of a cross-petition Mr. Charles sets up a land contract between Bowden and wife and himself, dated November 4, 1926, for the premises known as lot 8832, on which he claims to have made payments in the amount of $875.39.

The defendant Charles claims that in this action to marshal liens, after the costs of the case are paid, the vendee's lien upon lot 8832 is entitled to priority, after which the plaintiff's mortgage is the next best lien upon lot 8832, and is the first lien upon the other lots, and further claims that the judgment creditors of the vendor Bowden are subsequent to both himself as vendee and the mortgage company.

The record shows that the payments made by the defendant Charles upon the land contract amount to $875.39. We note from the record that in the common pleas court there was a consolidation of the case filed by Bowden against Charles with this foreclosure action of the Franklin Finance Company.

Without commenting at great length upon the testimony in the record in this case, with which the parties hereto are familiar, we deem it only necessary to say that the principal question for this court to find and determine is whether or not Bowden has

made a case justifying a forfeiture of this land contract. If so, then the property should be sold under the prayer in plaintiff's petition for foreclosure, and the respective liens determined in the manner provided for by law.

Upon the issue made by Bowden that he has a right to forfeit Charles' contract, we believe that it is only necessary to refer to the well-established rule that a court of equity will not decree a forfeiture where it would be inequitable to do so, or where the vendee has made a substantial compliance with his contract. A court of equity will even go so far as to relieve against a forfeiture where it would be inequitable to enforce it. *Woloveck* v. *Schueler,* 19 Ohio App., 210.

The contract in this case required a down payment of $200 by Charles, which was made, and then required $40 monthly payments beginning in May, 1927. And we note that full payments of the $40 have been made for the entire period up to and including July 17, 1928, and in addition the defendant Charles paid the taxes and assessments in February and July, 1928, so that the only question then for the court to find and determine is whether or not the defendant Charles had knowledge of the mortgage after it was given to the plaintiff by Bowden, and, if so, at what time. We believe the authorities are uniform that his lien would continue to the date of his knowledge of this mortgage.

We note that the defendant Charles was in possession under his land contract from November 4, 1926, while the plaintiff did not take its mortgage until September 14, 1927; therefore it is reasonable

to charge that the plaintiff had knowledge of the land contract at the time it took its mortgage. As a matter of fact we note that plaintiff admits this in its reply—that a lien of the purchaser exists as against subsequent purchasers or mortgagees with notice of payment. 39 Cyc., 2040; *Ranney* v. *Hardy,* 43 Ohio St., 157, 1 N. E., 523; *Coggshall* v. *Marine Bank Co.,* 63 Ohio St., 88, 57 N. E., 1086.

It is held in *First Natl. Bk.* v. *Logue, Trustee,* 89 Ohio St., 288, 106 N. E., 21, L. R. A., 1915B, 340, that the interest of a vendee in possession of real estate under a land contract of purchase, the legal title being in the vendor, is a vested interest.

We believe from an examination of the record that the defendant Charles had paid on said land contract, up to the time that he had knowledge of the mortgage in question, the amount of $759.39, and that subsequent to the time that he obtained knowledge of the mortgage he had made one payment of $40 to the Farmers' Savings & Trust Company on a note of Bowden's, and another payment of $18.15 on the same note; he also paid $36.26 in taxes, and $21.85 to the Franklin Finance Company. The plaintiff, the Franklin Finance Company, and the defendant Bowden, having knowledge of these subsequent payments, and acquiescing, consenting to them, and accepting and being parties thereto, are bound by these subsequent payments after the notice to Charles of the mortgage in question.

We believe and find that the lien of the defendant Charles upon lot 8832 would be, and is, superior to the mortgage of the plaintiff up to the date that Charles had knowledge of such mortgage; further-

more, the record discloses that the defendant Charles made compliance with the terms of his contract up to the time of the filing of Bowden's action in this court. He surely would not be compelled to pay in more money when the vendor was claiming a breach of contract and seeking to obtain a forfeiture of the payments made.

From a careful examination of the whole of the record in this case, and a careful examination of the authorities submitted, we find and hold that the vendee's lien of the defendant Charles on lot 8832 is entitled to priority over the mortgage of plaintiff to the extent of the payments made before Charles had actual notice of the mortgage; that in addition thereto he should be returned his payments made to the plaintiff, and the amount of his taxes paid; that this amount is the full total of his payments under his contract, excepting the sum of $58.15 paid to the Farmers' Savings & Trust Company on Bowden's note.

We find the amount due to the defendant Charles under his land contract to be the sum of $875.39.

We therefore find and hold that the vendee's lien of the defendant Charles is entitled to first priority; that the mortgage company's lien is second; and that the liens of the other judgment lienholders, to wit, Workman and Kochenderfer, are third and fourth, respectively, all of these liens subject, however, to the superior lien of the costs of this proceeding.

Plaintiff's prayer for foreclosure is hereby granted. Entry may be drawn in accordance with this opinion.

*Decree accordingly.*

SHERICK and MIDDLETON, JJ., concur.

24

MIDDLETON, J., of the Fourth Appellate District, sitting by designation in the Fifth Appellate District.