OPINION
{¶ 1} The instant appeal emanates from the January 27, 2006 judgment entry of the Warren Municipal Court, in which appellant, Terrence Kimbel, was sentenced for violating health board regulations.
 {¶ 2} On April 18, 2005, the Trumbull County Board of Health ("Board of Health"), through Rodney Hedge, filed a complaint against appellant alleging that he failed to repair, replace, and/or upgrade an existing household sewage treatment system, in violation of R.C. 3709.21, a misdemeanor of the fourth degree. Appellant failed to appear at his initial appearance on May 4, 2005, and a warrant was issued for his arrest. He ultimately pleaded not guilty on November 18, 2005.
 {¶ 3} A bench trial was held on January 27, 2006.
 {¶ 4} At the bench trial, appellee stipulated to the following facts provided by appellant's attorney. Appellant is the owner of record of property located at 1804 State Road, N.W., Warren, Trumbull County, Ohio. On November 30, 2001, appellant sold the property by land contract to Kevin A. and Kimberly A. Schneider ("the purchasers"), which was recorded on December 3, 2001. The purchasers were required to pay the balance of the contract price in full by November 2006.[1] The property was sold "as is." On July 17, 2004, appellant was ordered by the Board of Health to update the current sewage system at the residence at issue within sixty days. He failed to comply.
 {¶ 5} Pursuant to its January 27, 2006 judgment entry, the trial court found appellant guilty of violating health board regulations in violation of R.C. 3709.21. The trial court sentenced appellant to thirty days in jail, thirty days suspended, ordered him to pay a fine in the amount of $250, and placed him on two years non-reporting community control. Appellant's sentence was stayed pending appeal or compliance. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[2]
 {¶ 6} "[1.] The trial court erred in finding [appellant] guilty of violating [R.C.] 3709.21 after he sold the subject real estate by land contract.
 {¶ 7} "[2.] The trial court erred in the imposition of the penalties against [appellant]."
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in finding him guilty of violating R.C.3709.21 after he sold the property by land contract. He stresses that the purchasers should have been ordered to install a new home sewage treatment system, rather than himself, since they were the ones in possession of the real estate.[3]
 {¶ 9} Where property is sold under a land contract for a price payable in installments, the title remains in the vendor until the full payment of the purchase price, and the vendee holds an interest in possession. See Franklin Finance Co. v.Bowden (1930), 36 Ohio App. 19, 22; Gray v. Kestner (Aug. 24, 1977), 9th Dist. No. 1479, 1977 Ohio App. LEXIS 9934, at 3.
 {¶ 10} R.C. 3709.21 provides in part: "[t]he board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances. Such board may require that no human, animal, or household wastes from sanitary installations within the district be discharged into a storm sewer, open ditch, or watercourse without a permit therefor having been secured from the board under such terms as the board requires. * * *"
 {¶ 11} In the case at bar, the record establishes that appellant is the owner of record of the property at issue. Again, appellant sold the property by land contract to the purchasers on November 30, 2001. The purchasers were required to pay the balance of the contract price in full by November 2006. The July 17, 2004 order required appellant, the title owner of the property, to repair, replace, and/or upgrade the existing household sewage treatment system. The order is clearly one authorized to be issued by the board and, when not obeyed, allows prosecution under R.C. 3709.21, as well as imposition of the penalties in R.C. 3709.99. See State v. Kier (Nov. 16, 1981), 4th Dist. No. 425, 1981 Ohio App. LEXIS 11955, at 8.
 {¶ 12} We note that "[a]n affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15." State exrel. Plain Dealer Publishing Co. v. Cleveland (1996),75 Ohio St.3d 31, 33, citing Hoover v. Sumlin (1984), 12 Ohio St.3d 1,4. In the instant matter, appellant submitted no evidence that the obligation at issue was placed on the vendees in the land contract. Here, the obligation to repair, replace, and/or upgrade the household sewage treatment system remains with appellant, the title owner of the property.
 {¶ 13} Appellant's first assignment of error is without merit.
 {¶ 14} In his second assignment of error, appellant contends that the trial court erred in the imposition of the penalty against him. He alleges that the penalties imposed exceeded those provided for in R.C. 3709.99.
 {¶ 15} R.C. 3709.99(A) states: "[w]hoever violates section3709.20, 3709.21, or 3709.22 of the Revised Code or any order or regulation of the board of health of a city or general health district adopted in pursuance of those sections, or whoever interferes with the execution of an order or regulation of that nature by a member of the board or person authorized by the board, shall be fined not more than one hundred dollars or imprisoned not more than ninety days, or both. No person shall be imprisoned for the first offense, and the prosecution shall always be for a first offense unless the affidavit upon which the prosecution is instituted contains the allegation that the offense is a subsequent offense."
 {¶ 16} In the instant matter, the trial court found appellant guilty of violating health board regulations in violation of R.C.3709.21. Again, pursuant to its January 27, 2006 judgment entry, the trial court sentenced appellant to thirty days in jail, thirty days suspended, ordered him to pay a fine in the amount of $250, and placed him on two years non-reporting community control. There is no evidence in the record that this was a subsequent offense. Thus, the jail sentence given here was not within the confines of R.C. 3709.99. Also, appellant's fine in the amount of $250 is in excess of the statute, which provides that an offender shall not be fined more than $100.
 {¶ 17} Appellant's second assignment of error is with merit.
 {¶ 18} For the foregoing reasons, with respect to appellant's first assignment of error, the judgment of the Warren Municipal Court is affirmed. Regarding appellant's second assignment of error, this case is reversed and remanded for resentencing for proceedings consistent with this opinion.
Diane V. Grendell, J., Cynthia Westcott Rice, J., concur.
[1] The purchase price is not contained in the record.
[2] Appellee did not file an appellate brief.
[3] In his first assignment of error, appellant references "Exhibit A," the land installment contract, which he attached to his appellate brief. However, pursuant to this court's April 20, 2006 judgment entry, we ordered that "Exhibit A" be stricken, based on Loc.R. 16(B)(1), because it was not part of the trial court record. Therefore, we cannot consider it on appeal.