OPINION
{¶ 1} Appellant, James J. Mann, Sr. ("Mann"), appeals the judgment entered by the Warren Municipal Court. Appellee, the state of Ohio, has not filed an appellate brief. The trial court fined Mann $50 for failing to comply with an order from the Trumbull County Board of Health ("Board of Health").
 {¶ 2} In 2004, Michael Secich owned the property at 2448 Johnnycake Road in Howland, Ohio. On July 28, 2004, Secich signed a form from the Board of Health entitled "voluntary upgrade affidavit." In the affidavit, Secich admitted that the sewage system on the property was not properly functioning and was creating a public *Page 2 
nuisance. In addition, he agreed to apply for a permit to install a new system within 60 days and to have the new system installed within 120 days. Natalie Markusic is a sanitarian with the Board of Health. Markusic testified that the incentives for property owners to sign a voluntary upgrade affidavit are that the process is sped up and that the property owner is not charged $250 for additional testing. In addition, Secich filled out an application for a sewage system permit with the Board of Health.
 {¶ 3} On July 29, 2004, Richard Curl from the Board of Health did an on-site inspection of the sewage system at 2448 Johnnycake Road. This inspection was visual in nature, as the voluntary upgrade affidavit had the effect of waiving dye testing. Through his inspection, Curl confirmed that the sewage system was not working. He noted that the motor to the system was missing.
 {¶ 4} Following Curl's inspection, the Board of Health sent a preliminary specification form for off-lot systems to Secich. This form indicated certain specifications a new sewage system would need.
 {¶ 5} Sometime between August 2004 and July 2005, the property at 2448 Johnnycake Road was transferred from Secich to Mann and Mann's wife, Tabitha MacDonald ("MacDonald"). The record before this court does not contain specifics regarding the transfer — such as the date of transfer, the purchase price, or whether provisions for the upgrade of the sewage system were included in the land sale contract.
 {¶ 6} On July 7, 2005, a letter was sent, via certified mail, to MacDonald and Mann regarding the noncompliance with the voluntary upgrade affidavit. MacDonald signed for the certified letter. The letter indicated that their failure to proceed with the upgrade of the sewage system would result in a hearing at the Board of Health. *Page 3 
 {¶ 7} On August 25, 2005, a letter was sent to Mann and MacDonald informing them of a hearing before the Board of Health. The hearing was held on September 7, 2005. Mann attended the hearing, but MacDonald did not. At the hearing, Mann signed a document entitled "administrative hearing/consent to board order." This consent agreement provided that Mann would submit all necessary paperwork within ten months and that he would have a new sewage system installed within one year, weather permitting. MacDonald did not sign this consent order. In October 2005, the Board of Health accepted the consent agreement, and a letter was sent to Mann and MacDonald informing them of the Board of Health's acceptance of the consent agreement.
 {¶ 8} Mann and MacDonald did not take any action to upgrade the sewer system. Therefore, the instant action was brought against Mann, charging him with violating the Board of Health's consent order. MacDonald was also charged.[1]
 {¶ 9} Mann filed a motion to dismiss and a supplemental motion to dismiss the charges against him. The trial court denied these motions. This matter proceeded to a consolidated bench trial regarding the charges against Mann and MacDonald. The trial court found Mann to have violated the Board of Health's order and imposed a $50 fine.
 {¶ 10} Mann raises the following assignments of error on appeal:
 {¶ 11} "[1.] The trial court erred when it ruled that OAC 3745-1-04 (Criteria applicable to all waters) did not include septic systems * * *. OAC 3745-1-04(F)(1)(A)(B), in part, The following general water quality criteria shall apply to all surface waters . . . requires an inspection conducted by, or under the supervision of, Ohio EPA or a sanitarian . . . water samples to document odor, color and/or other visual manifestations of raw or poorly treated sewage.' *Page 4 
 {¶ 12} "[2.] The trial court erred when it ruled that the Trumbull County General Health District Board of Health could enforce an order under ORC 3709.21 that did not meet the criteria necessary to prove [sic] for the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances of the public health pursuant to ORC 3709.21 Orders and regulations. Wherein, witnesses['] testimony and the Court[']s own affirmation, admitted again and again, that there were no records of any physical water testing as prescribed under OAC 3745-1-04(F)(1)(A)(B);
 {¶ 13} "[3.] The trial court erred when it said that I was `not charged with maintaining a public nuisance' or `not charged with maintaining surface — you know, improper surface water', that I was `charged with failing to comply with a lawful order'; * * * Wherein, the Court stated that the State's exhibit 9 was evidence of a lawful order which is merely a consent agreement that was not signed by all parties of interest, more specifically, Tabitha MacDonald; * * * The evidence in the State's exhibits] 6 and 9 was brought up by the State in opening arguments, but was never proved beyond [a] reasonable doubt, and could not [be], without the consent of all parties;
 {¶ 14} "[4.] The trial court erred when it denied the Motion to Dismiss when it ruled to deny the Motion to Dismiss prior to hearing evidence, or rather lack of evidence, that an order under ORC 3709.21
did not meet the criteria pursuant to the Clean Water Act;
 {¶ 15} "[5.] The trial court erred when it ruled that I violated a lawful order by The Trumbull County General Health District Board of Health; * * * that did not comply with ORC 3709.21 (Orders and regulations), wherein, it lacked sufficient evidence. Wherefore, ORC3718.02 require[s] that a system that has been or is sited or installed prior to or on the effective date of the rules and that is operating on that date shall be *Page 5 
deemed approved unless the system is declared to be a public health nuisance by a board of health. Wherefore, the court stated that I, in part, `. . . not charged with maintaining a public nuisance. . .'"
 {¶ 16} Due to the similar nature of these assigned errors, they will be addressed in a consolidated analysis.
 {¶ 17} When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 18} Mann was charged with violating an order issued under R.C.3709.21, which provides, in pertinent part:
 {¶ 19} "The board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances. Such board may require that no human, animal, or household wastes from sanitary installations within the district be discharged into a storm sewer, open ditch, or watercourse without a permit therefor having been secured from the board under such terms as the board requires."
 {¶ 20} Initially, we note that prosecution under R.C. 3709.21 is permissible when an individual fails to comply with an order of the Board of Health regarding the upgrade of a sewage system. State v.Kimbel, 11th Dist. No. 2006-T-0026, 2006-Ohio-6101, at ¶ 11. In this matter, the consent order required Mann to submit his paperwork for a new *Page 6 
sewage system within ten months and to install the new sewage system within one year. Mann did not meet either of those deadlines. Thus, there was sufficient evidence that he violated R.C. 3709.21.
 {¶ 21} Mann argues that the Board of Health did not comply with the testing requirements contained in Ohio Adm. Code 3745-1-04. We note, as did the trial court, that this administrative code section applies to "surface waters." The instant matter concerned the installation of a new residential sewage system pursuant to a consent order. Since this matter does not concern "surface waters," Ohio Adm. Code 3745-1-04 is not applicable.
 {¶ 22} Mann also argues that the Board of Health did not conduct an inspection pursuant to R.C. 3718.02. This argument fails for two reasons. First, Secich waived the more-detailed inspection by signing the voluntary upgrade affidavit and admitting the sewage system was in noncompliance. Second, the nonfunctioning of the system was confirmed by Curl's on-site, visual inspection. Curl testified the sewage system was nonfunctional because, among other reasons, "the motor was missing." He further testified, on page 75 of the transcript, that "the system needed to have a motor to even stand a chance of working."
 {¶ 23} Finally, in regard to Mann's arguments that the proper testing and/or inspection was not conducted pursuant to R.C. 3718.02 and Ohio Adm. Code 3745-1-04, we note Mann signed a consent order agreeing to install a new sewage system. The trial court correctly held that the very narrow question in this matter is whether Mann complied with that consent order. We agree with the trial court's conclusion on this point. *Page 7 
 {¶ 24} Finally, Mann argues the consent order is not enforceable because it was not signed by MacDonald. A consent order is a contract and is based on the agreement of the parties. See Save the Lake Assn. v.Hillsboro, 158 Ohio App.3d 318, 2004-Ohio-4522, at ¶ 12. (Citation omitted.) There is no dispute that Mann signed the consent order. Thus, the order was a valid order as it pertained to him. The fact that MacDonald did not sign the consent order does not make it invalid.
 {¶ 25} All five of Mann's assigned errors are without merit.
 {¶ 26} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] See State v. MacDonald, 11th Dist. No. 2007-T-0074. *Page 1