OPINION
{¶ 1} Appellant, Tabitha MacDonald ("MacDonald"), appeals the judgment entered by the Warren Municipal Court. Appellee, the state of Ohio, has not filed an appellate brief. The trial court fined MacDonald $50 for failing to comply with an order from the Trumbull County Board of Health ("Board of Health").
 {¶ 2} In 2004, Michael Secich owned the property at 2448 Johnnycake Road in Howland, Ohio. On July 28, 2004, Secich signed a form from the Board of Health entitled "voluntary upgrade affidavit." In the affidavit, Secich admitted that the sewage *Page 2 
system on the property was not properly functioning and was creating a public nuisance. In addition, he agreed to apply for a permit to install a new system within 60 days and to have the new system installed within 120 days. Natalie Markusic is a sanitarian with the Board of Health. Markusic testified that the incentives for property owners to sign a voluntary upgrade affidavit are that the process is sped up and that the property owner is not charged $250 for additional testing. In addition, Secich filled out an application for a sewage system permit with the Board of Health.
 {¶ 3} On July 29, 2004, Richard Curl from the Board of Health did an on-site inspection of the sewage system at 2448 Johnnycake Road. This inspection was visual in nature, as the voluntary upgrade affidavit had the effect of waiving dye testing. Through his inspection, Curl confirmed that the sewage system was not working. He noted that the motor to the system was missing.
 {¶ 4} Following Curl's inspection, the Board of Health sent a preliminary specification form for off-lot systems to Secich. This form indicated certain specifications a new sewage system would need.
 {¶ 5} Sometime between August 2004 and July 2005, the property at 2448 Johnnycake Road was transferred from Secich to MacDonald and MacDonald's husband, James Mann, Sr. ("Mann"). The record before this court does not contain specifics regarding the transfer — such as the date of transfer, the purchase price, or whether provisions for the upgrade of the sewage system were included in the land sale contract.
 {¶ 6} On July 7, 2005, a letter was sent, via certified mail, to MacDonald and Mann regarding the noncompliance with the voluntary upgrade affidavit. MacDonald *Page 3 
signed for the certified letter. The letter indicated that their failure to proceed with the upgrade of the sewage system would result in a hearing at the Board of Health.
 {¶ 7} On August 25, 2005, a letter was sent to Mann and MacDonald informing them of a hearing before the Board of Health. The hearing was held on September 7, 2005. Mann attended the hearing, but MacDonald did not. At the hearing, Mann signed a document entitled "administrative hearing/consent to board order." This consent agreement provided that Mann would submit all necessary paperwork within ten months and that he would have a new sewage system installed within one year, weather permitting. MacDonald did not sign this consent order. In October 2005, the Board of Health accepted the consent agreement, and a letter was sent to Mann and MacDonald informing them of the Board of Health's acceptance of the consent agreement.
 {¶ 8} Mann and MacDonald did not take any action to upgrade the sewer system. Therefore, the instant action was brought against MacDonald, charging her with violating the Board of Health's consent order. Mann was also charged.[1]
 {¶ 9} MacDonald filed a motion to dismiss and a supplemental motion to dismiss the charges against her. The trial court denied these motions. This matter proceeded to a consolidated bench trial regarding the charges against Mann and MacDonald. The trial court found MacDonald to have violated the Board of Health's order and imposed a $50 fine.
 {¶ 10} MacDonald raises the following assignments of error on appeal:
 {¶ 11} "[1.] The trial court erred when it ruled that OAC 3745-1-04 (Criteria applicable to all waters) did not include septic systems * * *. OAC 3745-1-04(F)(1)(A)(B) in part, The following general water quality criteria shall apply to all surface *Page 4 
waters . . . requires an inspection conducted by, or under the supervision of, Ohio EPA or a sanitarian . . . water samples to document odor, color and/or other visual manifestations of raw or poorly treated sewage.'
 {¶ 12} "[2.] The trial court erred when it ruled that the Trumbull County General Health District Board of Health could enforce an order under ORC 3709.21 that did not meet the criteria necessary to prove [sic] for the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances of the public health pursuant to ORC 3709.21 Orders and regulations. Wherein, witnesses['] testimony and the Court[']s own affirmation, admitted again and again, that there were no records of any physical water testing as prescribed under OAC 3745-1-04(F)(1)(A)(B);
 {¶ 13} "[3.] The trial court erred when it said that I was `not charged with maintaining a public nuisance' or `not charged with maintaining surface — you know, improper surface water', that I was `charged with failing to comply with a lawful order'; * * * Wherein, the Court stated that the State's exhibit 9 was evidence of a lawful order which is merely a consent agreement that was not signed by all parties of interest, more specifically, Tabitha MacDonald; * * * The evidence in the State's exhibits] 6 and 9 was brought up by the State in opening arguments, but was never proved beyond [a] reasonable doubt, and could not [be], without the consent of all parties;
 {¶ 14} "[4.] The trial court erred when it denied the Motion to Dismiss when it ruled to deny the Motion to Dismiss prior to hearing evidence, or rather lack of evidence, that an order under ORC 3709.21
did not meet the criteria pursuant to the Clean Water Act;
 {¶ 15} "[5.] The trial court erred when it ruled that I violated a lawful order by The Trumbull County General Health District Board of Health; * * * that did not comply with *Page 5 
ORC 3709.21 (Orders and regulations), wherein, it lacked sufficient evidence. Wherefore, ORC 3718.02 require[s] that a system that has been or is sited or installed prior to or on the effective date of the rules and that is operating on that date shall be deemed approved unless the system is declared to be a public health nuisance by a board of health. Wherefore, the court stated that I, in part, `. . . not charged with maintaining a public nuisance. . .'"
 {¶ 16} We will first address MacDonald's third assignment of error, wherein she alleges the consent order was deficient because she did not sign it.
 {¶ 17} When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 18} MacDonald was charged with violating an order issued under R.C.3709.21, which provides, in pertinent part:
 {¶ 19} "The board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances. Such board may require that no human, animal, or household wastes from sanitary installations within the district be discharged into a storm sewer, open ditch, or watercourse without a permit therefor having been secured from the board under such terms as the board requires." *Page 6 
 {¶ 20} Initially, we note that prosecution under R.C. 3709.21 is permissible when an individual fails to comply with an order of the Board of Health regarding the upgrade of a sewage system. State v.Kimbel, 11th Dist. No. 2006-T-0026, 2006-Ohio-6101, at
 {¶ 21} A consent order is a contract and is based on the agreement of the parties. See Save the Lake Assn. v. Hillsboro, 158 Ohio App.3d 318,2004-Ohio-4522, at ¶ 12. (Citation omitted.) There is no dispute that MacDonald did not sign the consent order. Thus, she was not a party to the contract. Accordingly, MacDonald was not required to do anything pursuant to the agreement. As such, she could not have violated the consent order.
 {¶ 22} We note the consent order is entirely silent in regard to MacDonald. In addition, the record is devoid of any other orders from the Board of Health requiring MacDonald to upgrade the sewer system. It might appear that MacDonald is being rewarded for her failure to attend the hearing. However, the Board of Health, via an oversight or otherwise, only secured Mann's signature on the consent order. In addition, it does not appear that the Board of Health took any additional action against MacDonald. In this matter, the only issue is whether MacDonald violated the consent order. Since she was not a party to that agreement, she did not. The Board of Health may pursue any additional action, within its authority, against property owner MacDonald regarding the noncompliance of the sewage system.
 {¶ 23} There was insufficient evidence to support the trial court's finding that MacDonald violated the consent order.
 {¶ 24} MacDonald's third assignment of error has merit to the extent indicated. *Page 7 
 {¶ 25} In light of our analysis of MacDonald's third assignment of error, her remaining assignments of error are moot. See App.R. 12(A)(1)(c).
 {¶ 26} The judgment of the trial court is reversed. This matter is remanded to the trial court to enter a judgment of acquittal.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J, concur.
[1] See State v. Mann, 11th Dist. No. 2007-T-0067. *Page 1